AO 91 (Rev. 5/85) Criminal Complaint                    AUSA  Shaniek M. Maynard

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

FILED by ____ D.C.

SEP - 2 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA

V.

JEAN BASTIEN

## CRIMINAL COMPLAINT

CASE NUMBER:____08-8242-LRJ_____

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and  belief.  On or about June 28, 2008 in _____ Palm Beach _____ county, in the ____ Southern ____ District of _____ Florida _____ defendant(s) (Track Statutory Language of Offense)

did falsely and willfully represent himself to be a citizen of the United States,

in violation of Title ____ 18 ____ United States Code, Section(s) _911_____.

I further state that I am a(n) ___ICE Special Agent____ and that this complaint is based on the following facts:

Please see attached Affidavit.

Continued on the attached sheet and made a part hereof:        ☒ Yes      ☐ No

Signature of Complainant
Lori Cercy
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,
upon my finding of probable cause.

September 2, 2008
Date

at    West Palm Beach, Florida
City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Lori Cercy, being duly sworn, hereby depose and state:

1.     I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), previously known as the Immigration and Naturalization Service and United States Customs Service, and have so been employed since October 1996. I have received specialized training and am experienced in the requirements for aliens to enter the United States. I am responsible for investigating violations of the criminal statutes contained in the Immigration and Nationality Act, and related offenses contained in Titles 8 and 18 of the United States Code.

2.     The facts contained in this Affidavit are based on my personal knowledge, and observations and facts related to me by other law enforcement personnel. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not include all of the details of the investigation of which your affiant is aware.

3.     On or about June 28, 2008, Jean BASTIEN was stopped by ICE agents at the United States Postal facility in West Palm Beach, FL. He was encountered during the course of an investigation targeting an individual that BASTIEN had accompanied to the Post Office. BASTIEN was asked about his immigration status, and stated that he was born in Haiti and had traveled to the United States on a Haitian passport in 1989. BASTIEN also stated that he was a United States citizen.

4.	When asked how he received his U.S. citizenship, BASTIEN replied that once he arrived in the United States he just decided to stay.  BASTIEN said he obtained employment and established a residence, and had voted in United States elections.  When asked for documentation to support his claim of United States citizenship, BASTIEN could not provide any documentary evidence.  Instead, BASTIEN provided the agents with a Florida driver's license and a voter registration card.  BASTIEN was subsequently transported to the U. S. Immigration and Customs Enforcement Office of the Resident Agent in Charge, West Palm Beach, Florida (RAC/WP) for further verification and processing.

5.	While at the RAC/WP office, BASTIEN was interviewed by Supervisory Detention Deportation (SDDO) Officer Nigel Jason and Special Agent Anderson Sullivan. Again, BASTIEN indicated that he was a United States citizen.

6.	A review of Florida DMV records and voter's registration records revealed that BASTIEN has previously represented himself as a citizen of the United States.  He claimed to be a citizen in an application for a Florida Driver's license.  He also claimed to be a citizen on his application for a voter's registration card.  Review of Florida's voter registration records established that BASTIEN has voted in Florida a total of eight times.

7.	On August 7, 2008, your Affiant received and reviewed the Alien File ("A-File") assigned to Jean BASTIEN.  An A-File is the receptacle for all information maintained by ICE about an alien.  Information in BASTIEN's A-File indicates that BASTIEN was born on August 12, 1955 and is a citizen of Haiti.

There is nothing in the A-File to establish that BASTIEN has ever been naturalized as a United States citizen. The A-File does not contain any Application for Naturalization (Form N-400) which would prove BASTIEN applied for U.S. citizenship. It also does not contain a naturalization certificate, which would show BASTIEN had indeed become naturalized.

8. The A-File does, however, demonstrate that since coming to the United States BASTIEN has applied for, and been denied, asylum at least twice. The first application for asylum (Form I-589) was submitted on August 6, 1992 and denied on September 10, 1993. On February 4, 1994, BASTIEN was placed into immigration proceedings and ordered removed from the United States by a United States Immigration Judge. The second application was submitted on September 21, 1992 and denied on December 08, 1992. On March 2, 1994, BASTIEN was again placed into immigration proceedings and ordered removed by another Immigration Judge. On both occasions, the final order of removal was sent to BASTIEN, who failed to appear for deportation. The fact that BASTIEN has applied for and been denied asylum at least twice, and has been ordered removed from the United States on both occasions, is proof that BASTIEN knows he is not a citizen of the United States.

9. The A-File also contains a Petition for an Alien Relative, Form I-130, filled out by BASTIEN on or about January 12, 2005. An I-130 is usually submitted by a United States citizen or Legal Permanent Resident to establish their relationship to an alien family member for whom they would seek a benefit. BASTIEN submitted an I-130 to establish his relationship to his son, Roland

Bastien.   On the form, BASTIEN claimed to be a naturalized U.S. citizen, and listed a naturalization certificate number, "99022893", and date, 06/07/99, as proof of his naturalization.

10.   A search of the computer records and database maintained by the United States Citizenship Immigration Services reveals that BASTIEN is not a citizen or permanent resident of the United States, and there is no naturalization record associated with certificate number "99022893."

11.   Based upon the foregoing, I submit that probable cause exists to believe that on or about June 28, 2008, in Palm Beach County, in the Southern District of Florida, Jean BASTIEN, did falsely and willfully represent himself to be a citizen of the United States, in violation of Title 18, United States Code, Section 911.

Lori Cercy
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me
This __2__ day of September, 2008.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### No. ___08-8242-LRJ___

UNITED STATES OF AMERICA

vs.

JEAN BASTIEN,

**Defendant.**

_____ /

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2.   Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY:   _____
SHANIEK M. MAYNARD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0522201
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 209-1069
Fax: (561) 820-8777
Shaniek.Maynard@usdoj.gov